# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WILLIAM ELLIOT HICKS,       :

BOP REG NO. 56178-019,      :     CRIMINAL INDICTMENT NO.

     Movant,              :     1:04-CR-478-RWS

                               :

     v.                  :     CIVIL FILE NO.

                               :     1:09-CV-121-RWS

UNITED STATES OF AMERICA,  :

     Respondent.         :

## ORDER AND OPINION

Movant seeks via 28 U.S.C. § 2255 to vacate the four concurrent 130-month sentences he received for his February 22, 2007, convictions in this Court of four counts of bank robbery by force or violence. The matter is before this Court on: the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 167]; Movant's two supplemental arguments to claim no. 15 [Docs. 171-72]; Movant's motion for post-conviction discovery [Doc. 176]; Movant's motion in opposition to any request by the Government for an extension of time [Doc. 177]; Movant's motion for destruction of DNA samples and reimbursement of verifiable lost wages [Doc. 178]; Movant's motion for direction [Doc. 180]; Movant's resubmitted motion for leave to seek discovery [Doc. 181]; Movant's amendment to motion to vacate, set aside, or correct sentence [Doc. 183]; Movant's motion to

withdraw his first motion for post-conviction discovery [Doc. 184]; Movant's supplemental request for leave for discovery [Doc. 185]; Movant's request for admission [Doc. 186]; the Government's corrected response to the motion to vacate, set aside, or correct sentence [Doc. 189]; Movant's traverse to the response [Doc. 195]; Movant's motion for release from custody on personal recognizance [Doc. 196], Movant's motion for appointment of counsel [Doc. 197]; Movant's motion to request expedited decision of motion under § 2255 [Doc. 198]; Movant's motion for leave to supplement § 2255 proceedings pursuant to Rule 15(a) [Doc. 199]; and Movant's supplement to his traverse [Doc. 200].

I.    Background

On September 15, 2004, a federal grand jury sitting in the Northern District of Georgia returned an indictment charging Movant with one count of bank robbery (count 1) and five counts of bank robbery by force or violence (counts 2-6).  (Doc. 9).  Following a jury trial held October 3-11, 2006, Movant was convicted on counts 2 through 5 and acquitted on counts 1 and 6.[1]  (Doc. 100).  On February 22, 2007, Movant received four concurrent 130-month sentences.  (Doc.

---

[1] Count 6 concerned the robbery of a Bank of America which occurred on February 17, 2004.  (Doc. 9 at 4).

110). Movant was also sentenced to serve five years of supervised release, pay a $400.00 special assessment, and make restitution in the amount of $44,377.00. (Id.).

On February 24, 2007, Movant filed a notice of appeal. (Doc. 111). Movant's appointed counsel, Richard A. Grossman, filed a motion to withdraw on appeal, pursuant to Anders v. California, 386 U.S. 738 (1967). (Doc. 189, Ex. A). In his Anders brief, appellate counsel set forth the following four potential meritorious issues which counsel determined, after review of the record, were frivolous:

1.    the district court erred when it denied appellant's motion to suppress illegally seized evidence;

2.    the district court erred in refusing to give a modified charge on single defendant-multiple counts;

3.    the district court erred in denying appellant's motion to dismiss the indictment based upon a violation of the Speedy Trial Act; and

4.    the district court imposed an unreasonable sentence.

(Id. at 12-19).

In reviewing counsel's brief, the Eleventh Circuit Court of Appeals noted that Movant had raised numerous issues and the trial record was not yet complete.

3

United States v. Hicks, Case No. 07-10896, *4-5 (11th Cir. Jan. 8, 2008).  (Doc. 189, Ex. C).  Consequently, the Eleventh Circuit denied counsel's motion without prejudice, permitted him to renew his motion to withdraw, and directed him "to address all potential issues and errors - including but not limited to the disputed identification of Hick's license plate, the sufficiency of the evidence underlying each of the four counts of conviction, and any other issues reflected upon examination of the opening statements and closing arguments - that might arguably support reversal. . . ."  Id. at 5.

On March 24, 2008, counsel filed a renewed motion to withdraw pursuant to Anders v. California.  (Doc. 189, Ex. D).  In the renewed motion, counsel stated and concluded:  (1) during the pretrial conference, Movant "raised the issue of the testimony of prospective government witness Paul Loza" and his allegedly false testimony, which concerned the license plate number of a gold Nissan Altima, but this issue was not meritorious issue because "the jury acquitted Appellant of Count Six of the indictment, the bank robbery that Mr. Loza gave testimony to at trial"; (2) Movant's "constitutional rights were not violated as a result of the investigation conducted by the F.B.I. that traced the vehicle to Appellant, which in turn led to DNA evidence linking Appellant to the bank robberies in Counts Two, Three, Four

4

and Five of the indictment, the Counts upon which he was convicted"; and (3)
"counsel maintains that there are no irregularities or potential errors that might
arguably support reversal contained in the completed record." (Id. at 2-3).

After receiving the renewed motion to withdraw, the United States Court
of Appeals for the Eleventh Circuit found and held:

> Our independent review of the entire record reveals that counsel's
> assessment of the relative merit of the appeal is correct. Because
> independent examination of the entire record reveals no issues of
> arguable merit, counsel's motion to withdraw is **GRANTED** and
> Hicks's convictions and aggregate sentence are **AFFIRMED**.

> Also, while counsel's motion to withdraw was pending, Hicks filed
> three motions to compel production of transcripts and other
> documents. As neither the Federal Rules of Criminal Procedures nor
> the Federal Rules of Appellate Procedure authorize discovery on
> appeal, Hicks' motions are **DENIED**.

United States v. Hicks, 278 Fed. App'x. 976, *1 (11th Cir. May 27, 2008), cert.
denied, __ U.S. __, 129 S. Ct. 423 (Oct. 14, 2008). (Doc. 189, Ex. E).

On January 14, 2009, Movant filed this 28 U.S.C. § 2255 motion to vacate,
set aside, or correct sentence in which he raised fourteen (14) claims of ineffective
assistance of counsel. (Doc. 167). Movant raised three additional grounds for
relief in a supplement and an amendment to his motion to vacate sentence. (Docs.
172 and 183). Movant's grounds for relief are set forth as follows:

5

1. ineffective assistance of counsel due to appellate attorney Richard A. Grossman failing to advance on direct appeal a plainly visible and meritorious speedy trial violation argument;

2. ineffective assistance of counsel due to appellate attorney Richard A. Grossman failing to address the disputed identification of Movant's license plate at trial, as directed by the Eleventh Circuit Court of Appeals;

3. ineffective assistance of counsel due to appellate attorney Richard A. Grossman failing to address whether the disputed identification made by Government witness Paul R. Loza differed from the photographic exhibit relied upon by the prosecution, as directed by the Eleventh Circuit Court of Appeals;

4. ineffective assistance of counsel due to appellate attorney Richard A. Grossman failing to advance a plainly visible and meritorious <u>Franks</u>[2] violation argument on direct appeal, as requested by Movant;

5. ineffective assistance of counsel due to appellate attorney Richard A. Grossman failing to address the sufficiency of the evidence supporting each of the four counts of conviction, as directed by the Eleventh Circuit Court of Appeals;

6. ineffective assistance of counsel due to attorney Richard A. Grossman failing to file a proper <u>Anders</u> brief addressing Movant's arguably appealable issues;

7. ineffective assistance of counsel due to appellate attorney Richard A. Grossman failing to address whether the

_____

[2] <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

testimonial hearsay offered by F.B.I. Agent Joseph Fonseca violated the Confrontation Clause of the Sixth Amendment;

8.      ineffective assistance of counsel due to appellate attorney Richard A. Grossman fabricating detrimental and materially false (unsupported by the record) assertions against Movant in the <u>Anders</u> brief;

9.      ineffective assistance of counsel due to appellate attorney Richard A. Grossman failing to consult with Movant at any time, as directed by District Court Judge Richard W. Story;

10.     ineffective assistance of counsel due to trial attorney Allison Dawson failing to present a plainly visible and meritorious speedy trial violation argument before trial;

11.     ineffective assistance of counsel due to trial attorney Allison Dawson failing to impeach the credibility of Government witness Paul R. Loza;

12.     ineffective assistance of counsel due to trial attorney Allison Dawson failing to impeach the credibility of F.B.I. Agent Cynthia J. Myers and F.B.I. Agent Joseph Fonseca;

13.     ineffective assistance of counsel due to trial attorney Allison Dawson failing to present the falsified 911 call center recording or to have that recording transcribed and the videotape from the drive-thru from the February 17, 2004, robbery;

14.     ineffective assistance of counsel due to trial attorney Allison Dawson failing to object to the false testimony offered by Government witnesses in violation of <u>Giglio v. United States</u>, 405 U.S. 150 (1970);

AO 72A
(Rev.8/82)

15.     ineffective assistance of counsel due to appellate attorney Richard A. Grossman failing to develop and advance a viable and meritorious argument on direct appeal addressing F.B.I. Case Agent Cynthia Myers' perjury before the grand jury, and Movant raised this argument in his <u>pro</u> <u>se</u> response to counsel's <u>Anders</u> brief which the Eleventh Circuit Court of Appeals ignored;

16.     ineffective assistance of counsel due to attorney Allison Dawson failing to file a motion for new trial based on the obvious and flagrant prosecutorial misconduct that was evidenced at Movant's trial; and

17.     ineffective assistance of counsel due to appellate attorney Richard A. Grossman intentionally filing a frivolous <u>Anders</u> brief on behalf of Movant.

(Doc. 167, memorandum of law at 2-3; Doc. 172 at 1; Doc. 183 at 1 and 4).  As noted in the introduction, Movant subsequently filed several motions which will be addressed after reviewing his grounds for relief.

On May 12, 2009, the Government filed its corrected response in opposition to Movant's motion to vacate sentence.  (Doc. 189).  The Government contends that the substance of fifteen (15) of Movant's grounds for relief were reviewed on direct appeal, and this Court should not revisit them.  (<u>Id.</u> at 1-2).  The Government argues further that the remaining two grounds for relief are without merit.  (<u>Id.</u> at 2).

On June 4, 2009, Movant filed his traverse to the Government's response. (Doc. 195). On June 17, 2009, Movant filed a supplement to his traverse. (Doc. 200).

II.   Discussion

   A.   Grounds Resolved on Direct Appeal

As previously stated, the Government contends that all but two of Movant's grounds for relief were reviewed by the Eleventh Circuit Court of Appeals, and under the law-of-the-case doctrine, this Court should not revisit them. It is well-established that a "district court is not required to reconsider claims . . . that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case."); Kastenbaum v. United States, 588 F.2d 138, 139 (5th Cir. 1979) (a district "court need not . . . conduct a hearing and relitigate issues [in a motion to vacate sentence] that were raised by the petitioner in his direct appeal"); see also Bonner v. City of Prichard, 661 F.2d

AO 72A
(Rev.8/82)

1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the Fifth Circuit issued prior to October 1, 1981).

When counsel files an <u>Anders</u> brief, the Supreme Court instructs: "Once the appellate court receives this [<u>Anders</u>] brief, it must then itself conduct a full examination of all the proceedings to decide whether the case is wholly frivolous. Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988). The Eleventh Circuit Court of Appeals followed <u>Penson</u> by reviewing the full record in Movant's trial, considering the issues raised by Movant and his appellate counsel, finding those issues lacked merit, and affirming Movant's convictions and sentences. Therefore, the merits of those issues reviewed by the Eleventh Circuit need not be addressed again.

This Court will now determine which issues are governed by the law-of-the-case. Due to the overlapping issues raised in Movant's grounds for relief, the Government has organized those grounds for relief into eight categories. (Doc. 189 at 11-12). The Government's organization appears correct and helpful, and this Court will similarly organize Movant's grounds for relief.

10

In ground one, Movant contends that appellate counsel should have raised a Speedy Trial Act violation on direct appeal. Ground ten claims that trial counsel failed to raise a meritorious Speedy Trial Act violation before this Court. (Doc. 167, attached memorandum at 10-26, 77-78). Movant raised these claims in his pro se brief to the Eleventh Circuit Court of Appeals. (Doc. 189, Ex. B at 59-70).

In Grounds two, three, four, seven, eleven and fourteen, Movant claims that trial and appellate counsel provided ineffective representation due to their failure to seek dismissal or reversal of Movant's convictions due to the Government's reliance upon Paul Loza's testimony with regard to Movant's license plate and physical identification, Cynthia Myers's reliance on Loza's identification to obtain an arrest warrant, Joseph Fonseca's hearsay testimony recounting his interview with Loza, and, relatedly, trial counsel's failure to impeach Loza's credibility and object to the false testimony of Myers, Fonseca and Marietta Police Officer Russell Henson. (Doc. 167, attached memorandum at 26-46, 64-72, 79-80, 92-96). Movant raised these issues before the Eleventh Circuit, and appellate counsel, in response to the Circuit Court's directive, addressed Loza's testimony in the second Anders brief. (Doc. 189, Ex. B at 1-5, 8-35, 53; Ex. D at 2-3).

AO 72A
(Rev.8/82)

Grounds five, twelve, fifteen and sixteen allege that appellate counsel failed to address the sufficiency of the evidence and Myers's perjury in his renewed motion to withdraw, and trial counsel rendered ineffective assistance by failing to challenge the credibility of F.B.I. Agents Myers and Fonseca and failing to file a motion for new trial based upon prosecutorial misconduct. (Doc. 167, attached memorandum at 49-57, 81-87; Doc. 172 at 1-3; Doc. 183 at 1). Excepting the portion of ground five and ground sixteen, concerning testimony about the neoprene mask and the Government's reliance on the mask as evidence, these grounds for relief were raised by Movant in his appellate brief, and the sufficiency of the evidence was addressed by appellate counsel. (Doc. 189, Ex. B at 10-26; Ex. D at 3).

Movant's ninth ground for relief claims that appellate counsel failed to consult with Movant at any time. (Doc. 167, attached memorandum at 67). In his appellate brief, Movant argued that counsel did not properly consult with him because counsel would only "correspond by letter." (Doc. 189, Ex. B at 64).

Movant contends in ground thirteen that trial counsel rendered ineffective assistance by failing to have the falsified 911 call center recording presented during trial or having the call transcribed and failing to present the surveillance

12

video from the February 17, 2004, robbery. (Doc. 167, attached memorandum of law at 87-91). On direct appeal, Movant only raised the issue of the surveillance video. (Doc. 189, Ex. B at 61-64).

Finally, in grounds six, eight and seventeen, Movant contends that appellate counsel did not file a proper Anders brief, made false statements which were not supported by the record in his Anders brief, and filed a frivolous Anders brief. (Doc. 167, attached memorandum of law at 58-63, 72-75; Doc. 182 at 4-5). As the Government notes, the Eleventh Circuit necessarily found that counsel's Anders brief was proper, not frivolous, did not contain false statements, and Movant's appeal lacked merit.

Moreover, Movant's contention that appellate counsel made false statements in his Anders brief is contradicted by the record. Movant contends that counsel falsely stated to the Eleventh Circuit that (1) there was no speedy trial violation because the defense had requested a continuance and (2) a red dye stain was found in the vehicle used in the bank robbery of February 17, 2004. (Doc. 167, attached memorandum of law at 73).

The record shows that the defense, in fact, sought a continuance in order to make certain their DNA expert would be available and, consequently, there was

13

no speedy trial violation. (Doc. 189, Ex. F). Movant is correct that appellate counsel stated in his Anders brief that "the red dye stain related to the February 17, 2004, robbery of the Bank of America located at 1347 Church Street in Marietta, Georgia." (Doc. 189, Ex. A at 14). Movant attaches an exhibit indicating that a Bank of America official stated that a dye pack was not given to the bank robber during that robbery. (Doc. 167, Ex. 117). However, testimony indicated that a red dye stain was seen by investigators after the car was seized following the February 17, 2004, robbery. (Doc. 123 at 390, 400). Thus, even if appellate counsel made a misstatement, it was apparently not intentional. More importantly, the dye stain issue concerns a denied motion to suppress, and appellate counsel explains in detail why a challenge to that decision would be frivolous. (Doc. 189, Ex. A at 12-13). The Eleventh Circuit necessarily agreed, as it concluded that there were no meritorious issues.

Movant contends, however, that the Eleventh Circuit "declined to address" the issues he raised in his response to counsel's Anders brief. (Doc. 167, attached memorandum of law at 26). Movant restates this claim several times. (Id. at 33, 36, 72). Movant makes a similar claim in his reply, by claiming that the Eleventh Circuit did not explicitly acknowledge receiving his third pro se response. (Doc.

AO 72A
(Rev.8/82)

195 at 2).   However, the Eleventh Circuit made an independent review of the record, and after receiving and reviewing Movant's response to counsel's Anders brief, directed counsel to address additional issues raised by Movant. (Doc. 189, Ex. C at 5).   Therefore, the Eleventh Circuit necessarily reviewed the issues raised by Movant.   The fact that the Eleventh Circuit did not explicitly refer to everyone of Movant's pleadings is irrelevant.   The law-of-the-case doctrine will apply:

> [I]f the issues were decided, either expressly or by necessary implication, those determinations of law will be binding on remand and on a subsequent appeal.   Even if the prior appellate decision did not explicitly discuss the issues, nevertheless the law of the case operates to preclude their reconsideration on remand if the appellate decree necessarily or implicitly resolved them adversely to the party now seeking to reurge them.

Conway v. Leaman Tank Lines, Inc., 644 F.2d 1059, 1062 (5th Cir. May 11, 1981) (internal citations omitted); see also Washington v. United States, 173 Fed. App'x.792, 794 (11th Cir. Mar. 28, 2006) (per curiam) (finding claim in a § 2255 motion to vacate sentence that plea was not voluntarily was "necessarily rejected" by the dismissal of Washington's direct appeal and "barred by the law of the case doctrine").

In summary, although the Government contends there are two issues which have not been reviewed, this Court finds the following three claims were not raised and/or necessarily resolved by the Eleventh Circuit Court of Appeals on direct appeal: (1) ineffective assistance of trial and appellate counsel due to their failure to challenge the sufficiency of the evidence on the basis that the testimony of the government witness who identified the mask used in the December 3, 2002, bank robbery as a neoprene mask is inconsistent with the testimony of another witness who described the mask as being made of nylon (ground five); (2) ineffective assistance of trial counsel due to counsel's failure to seek a new trial because the Government knowingly relied upon the neoprene mask which the Government knew was not involved in any of the robberies (ground sixteen), and (3) ineffective assistance of trial counsel due to counsel failing to play or to transcribe the 911 call in order to impeach Loza (ground thirteen). (Doc. 167, attached memorandum of law at 49-54, 87-90; Doc. 183 at 3). This Court will set forth the governing federal standard for evaluating claims of ineffective assistance and then review these three grounds for relief.

    B.    <u>Ineffective Assistance of Trial and Appellate Counsel</u>

        1.    <u>The Federal Standard</u>

The federal standard for evaluating ineffective assistance of counsel claims was stated in Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (Strickland applies to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged. However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

One asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . ."). "In practice this means that courts will not find that an attorney is incompetent for using a particular approach to a case so long as that approach was reasonable." Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Smith v. Murray, 477 U.S. 527, 536 (1986) ("winnowing out weaker arguments on appeal and focusing on those more likely

AO 72A
(Rev.8/82)

to prevail . . . is the hallmark of effective appellate advocacy"). Put another way, "trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)); Sullivan v. Deloach, 459 F.3d 1097, 1108 (11th Cir. 2006) ("purpose of ineffectiveness review is not to grade counsel's performance"), cert. denied, 549 U.S. 1286 (2007).

The second prong of Strickland, requires Movant to demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. To satisfy Strickland's prejudice prong, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Eagle, 279 F.3d at 943 ("To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted

18

claim."). Grayson v. Thompson, 257 F.3d 1194, 1225 (11th Cir. 2001) ("Under the prejudice prong of Strickland, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.") (internal quotation omitted); Bennett v. Fortner, 863 F.2d 804, 809 (11th Cir. 1989) (Strickland's prejudice prong is not satisfied by making speculative allegations of prejudice).

### 2. Analysis of Movant's Three Remaining Grounds for Relief

#### i. Grounds Five and Sixteen

In ground five, Movant contends appellate counsel was ineffective by failing to address the sufficiency of the evidence supporting each of the four counts of conviction, as directed by the Eleventh Circuit Court of Appeals. Specifically, Movant argues that appellate counsel failed to challenge the testimony of the government witness who identified the mask used in the December 3, 2002, bank robbery as a neoprene mask which is inconsistent with the testimony of another witness who described the mask as being made of nylon. (Doc. 167, attached memorandum of law at 49-54). In ground sixteen, Movant accuses trial counsel of being ineffective for failing to seek a new trial based on the Government using the neoprene mask as evidence. (Doc. 183 at 3).

19

With regard to ground five, as the Government correctly notes, Movant is mixing the descriptions of the mask used during two different bank robberies. Two bank tellers and a customer testified about the bank robbery which occurred on December 3, 2002. (Doc. 121, at 2-41 and 55-79). One bank teller stated the robber wore a "face mask." (Id. at 18). A second teller testified only that the bank robber had his head "covered." (Id. at 60). The bank customer described the mask as "black" with "holes for the eyes and mouth." (Id. at 71). The police officer who later recovered the mask described it as a "black neoprene mask." (Doc. 122 at 97). The description of the mask as nylon was given by a bank teller describing the bank robbery which occurred on April 3, 2002. (Doc. 121 at 42, 46).

In his reply, Movant contends that the descriptions of the mask used in the December 3, 2002, bank robbery were inconsistent on the basis that only the customer testified that he could see the robbers mouth and eyes. (Doc. 195 at 8). This Court disagrees. There is nothing inconsistent about these witnesses using slightly different language to describe Movant's appearance at the robbery.

As is apparent, appellate counsel's performance was neither unreasonable nor prejudicial as a result of failing to raise this meritless claim of inconsistent

AO 72A
(Rev.8/82)

testimony. Ground five does not provide a basis for granting Movant's motion to vacate sentence.

In Ground sixteen, Movant claims that trial counsel was ineffective for failing to seek a new trial on the basis that the Government knew the neoprene mask found at the December 3, 2002, bank robbery was false evidence because it was not found at the scene of the crime. (Doc. 183 at 3). The record shows that, in fact, the detective found the neoprene mask "inside the bank." (Doc. 122 at 97). Thus, ground sixteen is also without merit.[3]

ii.      Ground Thirteen and Motion for Leave to Supplement § 2255 Proceedings

In ground thirteen, Movant argues that he received ineffective assistance of trial counsel due to counsel failing to play or to transcribe the 911 call in order to impeach Loza. Relatedly, Movant contends in his motion for leave to supplement

---

[3] In ground sixteen, Movant refers to Forensic Scientist Brendan Shea as "simply a liar." (Doc. 183 at 3). Movant offers no credible proof to support his disparaging remark. Additionally, throughout his various pleadings, Movant has repeatedly relied on unfounded insults to describe the prosecution, defense attorneys, and witnesses. These disparaging remarks have no place in this or any court.

his § 2255 proceedings that the Government withheld exculpatory evidence by providing only one minute of the fifteen minute 911 telephone call placed by Loza, in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  (Doc. 199 at 1-2).

Loza's testimony and his 911 telephone call were related to the bank robbery which occurred on February 17, 2004.  Movant was not convicted for that robbery. Movant contends in his reply that he was prejudiced by Loza's false testimony because he testified falsely to the grand jury.  (Doc. 195 at 11).  However, since Movant was acquitted of that count of the indictment, and Loza's testimony was not relevant to the bank robberies for which he was convicted, Movant cannot show that he was prejudiced by counsel's decision not to use a transcript or recording of the 911 telephone call.  Further, even if Movant correctly speculates that the 911 telephone call contains exculpatory evidence, any failure by the Government to provide that evidence is harmless due to Movant's acquittal. Ground thirteen and the related claim of a <u>Brady</u> violation do not provide a basis for granting Movant his motion to vacate sentence.

     C.     <u>Movant's Pending Motions</u>

          1.     <u>Discovery</u>

Movant has filed a motion for post-conviction discovery and a motion to withdraw that motion for discovery. (Docs. 176 and 184). Movant also filed a resubmitted motion for discovery and a supplemental request for discovery. (Docs. 181 and 185). Related to his discovery motion, Movant filed a request for admission. (Doc. 186).

Movant requests discovery on the basis that the Government's law enforcement witnesses all "testified falsely." (Doc. 181 at 1-2). Movant makes a similar assertion in his supplemental request for discovery. (Doc. 185 at 1-2). Movant has not proffered any evidence to support these allegations. Movant also seeks discovery on the basis that the Government withheld evidence related to Loza's testimony. (Doc. 181 at 2-3). However, as previously noted, Loza's testimony was concerned with a bank robbery for which Movant was not convicted. Movant also seeks discovery of surveillance video which the Government has consistently stated does not exist. (Doc. 185 at 1-2). Movant "respectfully asserts that the surveillance equipment was properly function[ing]," but he has not offered proof to support his assertion. (Id. at 1). Finally, as acknowledged by Movant and noted by the Government, the Eleventh Circuit

AO 72A
(Rev.8/82)

denied Movant's requests for discovery during direct appeal. (Doc. 186 at 1-2; Doc. 189 at 29).

Pursuant to Rule 6(a) of the Rules Governing Section 2255 proceedings, this Court may only grant a request for discovery if a movant provides "good cause" for seeking discovery. For the reasons outlined above, Movant has failed to provide the necessary good cause and his requests for discovery should be denied.

2. Motion for Destruction of DNA Samples and Reimbursement of Lost Wages and Motion for Release on Own Recognizance

In his motion for destruction of DNA samples and request for lost wages, Movant asserts, without support, that the Government manipulated his DNA. (Doc. 178 at 1). Upon this Court granting Movant's motion to vacate sentence, he also seeks recovery of income he has lost while in confinement. (Id. at 2). Similarly, Movant seeks his release from custody on the basis that he has provided ample reason to grant his motion to vacate sentence. (Doc. 196 at 1). There is no basis for concluding that Movant's DNA was manipulated, and this Court will not be granting Movant's motion to vacate sentence. Therefore, these motions should be denied.

AO 72A
(Rev.8/82)

3.    Motion for Appointment of Counsel

Movant seeks to have counsel appointed to represent him in this collateral proceeding. Appointment of counsel is necessary only when due process or "the interests of justice" require it. 18 U.S.C. § 3006A(a)(2)(B); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Movant has demonstrated that he is able to articulate his grounds for relief, and he has not presented any unusual circumstance justifying appointment of counsel. Movant's motion for appointment of counsel should be denied.

III.    Conclusion

**IT IS ORDERED** that Movant's motion for leave to supplement § 2255 proceedings pursuant to Rule 15(a) [Doc. 199] is **GRANTED**. The instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence [Docs. 167, 183, 199] is **DENIED**. Movant's motion for destruction of DNA samples and reimbursement of verifiable lost wages [Doc. 178], resubmitted motion for leave to seek discovery [Doc. 181], supplemental request for leave for discovery [Doc. 185], request for admission [Doc. 186] and motion for appointment of counsel [Doc. 197] are **DENIED**. Movant's motion in opposition to any request by the

25

Government for an extension of time [Doc. 177], motion for direction [Doc. 180], motion for release from custody on personal recognizance [Doc. 196], and motion to request expedited decision of motion under § 2255 [Doc. 198] are **DENIED AS MOOT**. Movant's motion to withdraw his first motion for post-conviction discovery [Doc. 184] is **GRANTED**. Movant's motion for post-conviction discovery [Doc. 176] is hereby **WITHDRAWN**.

       **IT IS SO ORDERED**, this __1st__ day of July, 2009.


<br>

_Richard W. Story_

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)