**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM ELLIOTT HICKS. | :: | |
| Inmate No. 56178-019, | :: | |
|     Movant, | :: | |
| | :: | CRIMINAL INDICTMENT NO. |
| v. | :: | 1:04-CR-0478-RWS–RGV-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | |

**<u>ORDER FOR SERVICE OF REPORT AND RECOMMENDATION</u>**

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

AO 72A
(Rev.8/82)

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 20th day of June, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WILLIAM ELLIOTT HICKS. :: <br> Inmate No. 56178-019, :: <br>     Movant, :: <br> ::    CRIMINAL INDICTMENT NO. <br> v. ::    1:04-CR-0478-RWS–RGV-1 <br> :: <br> UNITED STATES OF AMERICA, :: <br>     Respondent. :: | |

**FINAL REPORT AND RECOMMENDATION**

This matter has been referred to the undersigned Magistrate Judge for consideration of movant William Elliott Hick's motion for judicial investigation of fraud upon the Court, [Doc. 242], and motions for leave to appeal in forma pauperis ("IFP"), [Docs. 250, 254]. For the reasons stated below, the undersigned **RECOMMENDS** that the motions be **DENIED**.

**I. PROCEDURAL HISTORY**

A federal grand jury indicted Hicks for one count of bank robbery, in violation of 18 U.S.C. § 2113(a) ("Count One"), and five counts of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a) and (d) ("Counts Two through Six"). [Doc. 9]. Following a jury trial, Hicks was convicted on Counts Two through Five, but

AO 72A
(Rev.8/82)

acquitted on Counts One and Six. [Doc. 100]. On February 13, 2007, Hicks received four concurrent 130-month sentences. [Docs. 109, 110].

Hicks filed a timely appeal. [Doc. 111]. On May 27, 2008, the United States Court of Appeals for the Eleventh Circuit granted appointed counsel's motion to withdraw on appeal, pursuant to Anders v. California, 386 U.S. 738 (1967), and affirmed Hicks' convictions and sentences. United States v. Hicks, 278 F. App'x 976 (11th Cir. 2008). The United States Supreme Court denied Hicks a writ of certiorari on October 14, 2008. Hicks v. United States, _ U.S. _, 129 S. Ct. 423 (2008).

On November 18, 2008, Hicks filed an "Out of Time Motion for New Trial," which the Court denied as untimely. [Docs. 164, 165]. Then, on January 14, 2009, Hicks, proceeding pro se, filed a 28 U.S.C. § 2255 motion to vacate his sentence, which the Court denied on July 1, 2009. [Docs. 167, 201]. Both this Court and the Eleventh Circuit denied Hicks a certificate of appealability. [Docs. 211, 223].

Next, Hicks filed a "Request for Affidavit from Deputy Clerk," [Doc. 210], a "Motion for New Trial Pursuant to Fed. R. Civ. P. 60(b)(3)," [Doc. 230], and a motion for reconsideration, [Doc. 231], of the denial of his § 2255 motion. The Court denied those motions, finding that Hicks' request for an affidavit was moot and that it lacked jurisdiction to consider the other two motions because he had not received

2

AO 72A
(Rev.8/82)

authorization from the Eleventh Circuit to file a successive § 2255 motion. [Doc. 232]. Hicks then filed three additional motions for reconsideration, [Docs. 233, 236, 239], all of which were denied. [Docs. 235, 237, 243].

## II. MOTION FOR INVESTIGATION OF FRAUD

In his latest motion, Hicks asserts that "AUSA Jane Swift and FBI Agent Cynthia Myers, et al, took affirmative actions to conceal tacit agreements with key government witnesses and the Cobb County (Georgia) Police Department to defraud the Federal Court and call into question the very legitimacy of the judgment against the movant." [Doc. 242 at 2]. In support of his request for an investigation, Hicks requests that the Court review his motion under 28 U.S.C. § 2255. [Id.]. However, since Hicks has previously filed an unsuccessful § 2255 motion, any subsequent § 2255 motion would be second or successive, requiring prior authorization from the Eleventh Circuit. See 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). Because Hicks has not obtained such authorization, his motion for judicial investigation of fraud upon the Court, [Doc. 242], is due to be denied as a successive § 2255 motion. See United States v. Castra, 152 F. App'x 777, 780 (11th Cir. 2005) (affirming dismissal of motion to modify sentence as impermissibly successive § 2255 motion). Moreover, to the extent that the motion for judicial investigation of fraud is not properly

3

construed as a successive § 2255 motion, the motion is still due to be denied for lack of jurisdiction. United States v. Morrison, 316 F. App'x 962, 964 (11th Cir. 2009).

### III.  MOTIONS TO APPEAL IFP

Hicks seeks IFP status to appeal the Court's May 2, 2011, Order denying his fourth motion for reconsideration following the denial of his § 2255 motion and denying his request for a certificate of appealability. [Docs. 243, 245, 248, 250, 254]. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  In the context of a criminal appeal, "good faith" is judged by an objective standard and is demonstrated when the defendant seeks review of any issue that is not frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Hicks' appeal of his unsuccessful attempts to overcome the bar against filing successive § 2255 motions is clearly "frivolous."  28 U.S.C. § 1915(e)(2).  Accordingly, Hicks' motions to appeal IFP, [Docs. 250, 254], are due to be denied.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Hicks' motion for judicial investigation of fraud upon the Court, [Doc. 242], and motions for leave to appeal IFP, [Docs. 250, 254], be **DENIED**.

4

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 20th day of June, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE