**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:04-CR-0478-RWS |
| WILLIAM ELLIOTT HICKS, : | |
| : | |
| Defendant. : | |

**ORDER**

A federal grand jury indicted William Elliott Hicks ("Movant") for one count of bank robbery, in violation of 18 U.S.C. § 2113(a) ("Count One"), and five counts of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a)-(d) ("Counts Two through Six"). [9]. Following a jury trial, Movant was convicted on Counts Two through Five, but acquitted on Counts One and Six. [100]. On February 13, 2007, Movant received four concurrent 130-month sentences. (109-10].

Movant filed a timely appeal. [111]. On May 27, 2008, the United States Court of Appeals for the Eleventh Circuit granted appointed counsel's motion to withdraw on appeal, pursuant to Anders v. California, 386 U.S. 738 (1967),

and affirmed Movant's convictions and sentences. United States v. Hicks, 278 F. App'x 976 (11th Cir. 2008). The United States Supreme Court denied Movant's petition for certiorari on October 14, 2008. Hicks v. United States, 555U.S. 956, (2008).

On November 18, 2008, Movant filed an "Out-of-Time Motion for New Trial," which the Court denied as untimely. [164-65]. Then, on January 14, 2009, Movant, proceeding *pro se*, filed a § 2255 Motion to Vacate his sentence, which the Court denied on July 1, 2009 ("July 1, 2009 Order"). [167, 201]. Both this Court and the Eleventh Circuit denied Movant a certificate of appealability. [211, 223].

On June 28, 2010, Movant submitted his *pro se* "Motion for New Trial Pursuant to Fed. R. Civ. P. 60(b)(3)." [230]. In his Motion, Movant asked the Court to reopen his § 2255 proceeding and order a new trial, arguing that the Government committed fraud by presenting Paul R. Loza's allegedly false testimony and withholding discovery in his criminal proceedings. Finding that the Motion sought relief from his judgment of conviction and was, thus, tantamount to a successive § 2255 motion for which he must obtain authorization from the Eleventh Circuit, the Court found that it lacked

2

jurisdiction to consider the Motion. ("Nov. 22 Order" [232].) On October 13, 2010, Movant filed a Motion for Reconsideration [231] of the July 1, 2009 Order denying his § 2255 Motion. This motion was also denied in the November 22 Order [232].

On December 3, 2010, Movant filed a Motion to Alter or Amend [233] the Court's November 22 Order, and on January 28, 2011, the Court denied the Motion [235]. On February 1, 2011, Movant filed a Motion to Vacate [236] the July 1, 2009 Order [201]. By Order [237] entered March 1, 2011, the Court denied the motion. On March 11, 2011, Movant filed a Motion to Alter or Amend the Court's Order Denying Movant's Rule 60(b)(4) Claim. [239]. On May 2, 2011, the Court denied Movant's Motion [239] to Alter or Amend March 1, 2011 Order. [243]. On March 24, 2011, Movant filed a Request for Certificate of Appealability [240] to appeal the January 28 Order denying his Motion for Reconsideration of the July 1 Order. On May 2, 2011, the Request was denied [243].

On April 27, 2011, Movant filed a "Request for Judicial Investigation of Fraud Upon the Court" [242] requesting an investigation of the fraud alleged in his earlier Rule 60(b)(4) Motion. The Court referred this Request to Magistrate

AO 72A
(Rev.8/82)

Judge Russell G. Vineyard who recommended that the Request be denied. [259]. The Court adopted the Report and Recommendation and denied the Request. [263].

On May 10, 2011, Movant filed a Notice of Appeal [245] and on May 16, 2011, he filed an Amended Notice of Appeal [248] appealing the denial of his Request for a Certificate of Appealability [243]. Movant filed Motions for Leave to Appeal *in Forma Pauperis* [250, 254, and 261], which the Court denied. [263].

On March 12, 2012, the Court of Appeals denied Movant a certificate of appealability and denied his Motion for Leave to Proceed on Appeal *in Forma Pauperis* finding that: "To the extent that Hicks has properly raised a procedural challenge in his Rule 60(b)(4) motion, he failed to show that the District Court erred in his procedural ruling." [270]. On May 2, 2012, the Court of Appeals denied Movant's Motion for Reconsideration of its March 12, 2012 Order. [272].

On September 13, 2012, Movant filed a *pro se* Motion to Vacate Rule 60(b)(3) Judgment Pursuant to Rule 60(b)(4) [273]. The Court has recounted the extensive history of motions filed by Movant to show that the issues Movant

4

seeks to raise in his present Motion have been fully litigated before this Court and the Court of Appeals. Essentially, all of the docket entries identified above that occurred from the filing of Movant's Motion for New Trial Pursuant to Fed. R. Civ. P. 60(b)(3) have related, at least in part, to the claims Movant makes in the present motion. Movant fails to establish a basis for the re-litigation of these same issues.

Therefore, the Motion to Vacate [273] is **DENIED**.

**SO ORDERED** this  30th  day of October, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)